Case 4:24-cv-00366   Document 15   Filed on 04/23/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYLER HARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-00366 |
| | § | |
| JAMES LANCASTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendants', James Lancaster, and Jared Lindsay ("defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 9). The plaintiff, Tyler Harrington, has filed a response to the defendants' motion (Dkt. No. 11). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendants' motion should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

This is a civil rights case that centers around the actions of three Harris County deputy constables: deputies James Lancaster, Jared Lindsay and Nathaniel Cano. It began with a call from a woman, "Mrs. H", who reported hearing knocking on her back door at her residence at 9819 Sagemark Drive. Deputy Lancaster responded to the call, spoke with Mrs. H, and conducted a search of her property. He found no one and cleared the call and left the location. Approximately an hour later, dispatcher informed deputies Lindsay and Cano that the homeowner's husband, Mr. H, stated that two people, a male and female were banging on their front and back doors and that he could see them on their camera. He also stated that he and his son were not home, and his wife

had left because she was afraid. The homeowner's son "Mr. S" informed the dispatcher that his address was 9818 Sagemark Drive.

Shortly thereafter deputies Lindsay and Cano checked the front and back doors to see if they were secure and found them to be unlocked. The dispatcher then informed the homeowners that the doors were unlocked. Mr. and Mrs. H gave permission for the deputies to search the house because the doors should have been locked.  By this time, deputy Lancaster had joined deputies Lindsay and Cano.  Deputies Lindsay and Cano were given the address of 9818 Sagemark Drive as the address to be searched.  When they entered 9818 Sagemark Drive, they found a man and his wife in bed.  It was the plaintiff's address.  The deputies allegedly held the plaintiff and his wife at gunpoint and allegedly displayed reckless conduct and a disregard for their federal constitutional rights.  When the deputies realized their mistake, they allegedly, failed to apologize or explain their actions to the satisfaction of the plaintiff.

The plaintiff alleges he suffered lasting psychological harm and sues for violations of his Fourth Amendment right against unlawful search and seizure and his Fourteenth Amendment rights to "due process" and equal protection under 42 U.S.C § 1983, the Civil Rights Act.

### III.   PLAINTIFF'S CONTENTIONS

The plaintiff, contends that the defendants violated his constitutional rights through various actions, as detailed in his complaint. More specifically, he asserts that the defendants entered his home unlawfully in violation of proper police procedures, such as knocking and announcing, and did so without a warrant, consent, probable cause, or exigent circumstances, thus violating his Fourth Amendment rights. Moreover, the plaintiff argues, even though they were given an incorrect address, they, nevertheless, conducted an unlawful search of his home.

They plaintiff also asserts that the defendants seized him unlawfully, ordered him around at gunpoint, and used excessive force when waking him up, screaming and holding him at gunpoint despite the non-violent non-emergency nature of the situation. These actions, according to the plaintiff traumatized him and caused severe emotional distress.

IV.     **DEFENDANT'S CONTENTIONS**

The defendants assert in response to the plaintiff's claims that they did not use excessive force against the plaintiff. The plaintiff's allegations do not demonstrate that he was physically seize in violation of the Fourth Amendment. The force used was objectively reasonable and did not result in injury to the plaintiff. Regarding the unlawful entry and search claims, the defendants argue that the touchstone is reasonableness under the circumstances. They claim an exception to the requirement of a warrant, emphasizing that where reasonable mistakes of facts occur an entry and search without a warrant can be lawful. The deputies also assert that they reasonably relied on the dispatcher and the consent of the complainant to search the premises, believing them to be the homeowner. As such, their mistake was reasonable under the Fourth Amendment, entitling them to qualified immunity.

V.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A court's review is limited to the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## VI. ANALYSIS & DISCUSSION

The Court is of the view that the mistaken entry into the plaintiff's home by the defendants is excused and, therefore, the plaintiff cannot state a "plausible' cause of action. The defendants were under the mistaken belief that they had the consent of the homeowners to enter the premises. The defendants were merely following orders and the information received from the dispatcher. The fact that deputy Lancaster had been previously dispatched to an address across the street from the plaintiff's residence, does not negate the possibility that a new threat at a different address on the same street was in progress. In fact, the dispatcher confirmed that they were at the correct address and that they had received the consent of the owners to enter the home to search for intruders. Therefore, the act of entering the home, although in error, was reasonable given the information available to the deputies.

In order to establish a cause of action under § 1983 for a Fourth Amendment violation, a plaintiff must show he was seized, suffered an injury that was a direct result of a use of force that exceeded the force necessary in the circumstance and that the force was objectively unreasonable. *See Reichle v.* Howards, 566 U.S. 658, 644 (2012); *see also Goodson v. City of Corpus* Christi, 202 F.3d 730, 740 (5th Cir. 2000). When qualified immunity is a defense, a plaintiff must establish that the defense is inapplicable. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016).

In the case at bar, the evidence shows that the officers believed that they were at the correct address and that they had consent from the homeowner to search the premises. Their entry,

subsequent search, and seizure were conducted based on this perceived consent, which appeared valid given the information provided. It is important to note that under the Fourth Amendment, while a warrant is generally required for lawful entry into a home there are exceptions to this requirement, such as consent from a resident.

The Supreme Court has acknowledged that a search and seizure stemming from factual errors can be considered reasonable. *Illinois v. Rodriguez*, 497 U.S. 177, 183-186, (1990). Hence, law enforcement officials are allowed a degree of leeway in their actions, acknowledging that mistakes can occur.

Regarding the plaintiff's alleged unlawful seizure claim, the defendants' actions of ordering the plaintiff to put his hands up and holding him at gunpoint while questioning him were justified under the circumstances. The Court notes that the defendants were responding to reports of suspicious activity in the area involving a male and female suspect possibly attempting to break into a house. In light of this information, seizing the plaintiff and his wife were aimed at protecting both, the officers and the residents, until the identity the individuals in the residence could be obtained.

Finally, the Court finds that the actions taken by the defendants were reasonable under the circumstances and did not constitute a use of excessive force. There is no factual proffer that any force used exceeded what was required in order to take control of the situation. In fact, no physical harm was reported by the plaintiff. In reaching this conclusion, the Court balances the intrusion on the plaintiff's Fourth Amendment interest with that of the officers to protect themselves and the residents.

From the perspective of a reasonable officer on the scene, the actions taken by the defendants were justified. They were confronted with a potentially dangerous situation and acted

swiftly to ensure their safety and the safety of the residents. Therefore, the plaintiff's claim for excessive force under 42 U.S.C § 1983 is without merit. Finally, the Court finds that the defendants are entitled to qualified immunity in this matter, under the circumstances. *Handorf,* 821 F.3d at 653. The plaintiff has failed to establish that the defense is inapplicable.

Based on the foregoing analysis and discussion, the defendants' motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on April 23, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge